IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-11-307-R |
| | ) CIV-16-107-R |
| | ) |
| TRACY LYNN BRUNKEN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion under 28 U.S.C. § 2255 to correct his sentence. [ECF 16-107, Doc. 1]. The Government has responded. [Doc. 34].[1] Defendant replied. [Doc. 40]. The Government then filed a surreply [Doc. 45], to which Defendant filed a supplemental response. [Doc. 48].

For the following reasons, the Court DENIES Defendant's Motion.

## Discussion

On September 20, 2011, a grand jury sitting in the Western District of Oklahoma indicted Defendant Tracy Brunken for possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). Federal law prohibits convicted felons from possessing firearms, imposing a punishment of at least fifteen years' imprisonment for violators with three or more prior convictions for serious drug offenses or violent felonies under the Armed Career Criminal Act (ACCA). 18 U.S.C. §§ 922(g), 924(e)(1). Mr. Brunken pled guilty to being

---

[1] Unless otherwise indicated, document numbers refer to ECF 11-307.

1

a felon in possession of a firearm [Doc. 15], and because he had three prior convictions for a serious drug offense or a violent felony under the ACCA, the Court sentenced him to 200 months' imprisonment, followed by five years of supervised release. [Doc. 26].

Mr. Brunken argues that in light of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2016), he no longer has three prior enhancement-qualifying convictions (serious drug offenses or violent felonies) under 18 U.S.C. § 924(e)(1) of the ACCA. If that is the case, his current sentence exceeds the 10-year statutory maximum for non-ACCA offenses and thus violates due process. 18 U.S.C. § 924(a)(2).

Before *Johnson*, the ACCA defined the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that met one of three requirements: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"—referred to as the *elements clause*; (2) is "burglary, arson, or extortion, or involves the use of explosives"—referred to as the *enumerated-offense clause*; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another"—referred to as the *residual clause*. § 924(e)(2)(B)(i), (ii). *Johnson* affected the validity of only the residual clause, with the Supreme Court deeming it unconstitutionally vague since it "both denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges." 135 S.Ct. at 2557. Now, in the wake of *Johnson*, a prior conviction qualifies as a violent felony under the ACCA only if it falls within the enumerated-felony clause or the elements clause. The Supreme Court would later make *Johnson* retroactive to cases on collateral review such as Mr. Brunken's. *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016).

So as it stands today, § 924(e)(1) still calls for an enhanced sentence if a person who violates § 922(g)—possessing a firearm as a felon—has three or more earlier convictions for a serious drug offense or a violent felony. The statutory hiccup after *Johnson* is merely that a defendant's conviction qualifies as a violent felony only if it falls under the elements clause or the enumerated-offense clause. Mr. Brunken's requested relief thus depends on whether, in light of *Johnson*, he still has three prior convictions that qualify as a serious drug offense or a violent felony. If he does, then he is not entitled to relief. If he does not, then relief habeas relief must follow.

The Court need not rehash Mr. Brunken's extensive criminal history to conclude that he is not entitled to relief under 28 U.S.C. § 2255: Mr. Brunken has one prior conviction for a serious drug offense and two prior convictions for a violent felony.

First, Mr. Brunken's conviction for a serious drug offense. The ACCA includes in its definition of "serious drug offense" a state-law conviction "involving . . . possessing with intent to . . . distribute, a controlled dangerous substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Mr. Brunken pled guilty on April 10, 1995, to possession of a controlled dangerous substance (marijuana) with intent to distribute, in violation of Okla. Stat. tit. 63, § 2–401(B)(2). [Doc. 23, ¶ 34]. This conviction qualifies as a serious drug offense under the ACCA because, one, it involved the intent to distribute marijuana, a Schedule I substance under 21 U.S.C. §§ 802(7), 812(c)(1), and, two, it carries a possible punishment of life. *See United States v. McMahon*, 91 F.3d 1394, 1398 (10th Cir. 1996) (upholding

district court's finding that defendant's former conviction for possession of marijuana with intent to distribute qualified as an ACCA predicate offense).

Mr. Brunken's other two ACCA-enhancement-qualifying offenses consist of convictions for first-degree burglary. On April 10, 1995, Mr. Brunken pled guilty to two incidents of first-degree burglary: one that he committed on November 13, 1993 [PSR, Doc. 22, ¶ 34, CF-1993-7023], and another that occurred March 19, 1994 [PSR, Doc. 22, ¶ 35, CF-1994-2161]. Under Supreme Court precedent, these convictions for first-degree burglary in Oklahoma qualify as violent felonies for purposes of the ACCA. The Supreme Court has created a generic definition of burglary to use in determining whether a state-law conviction for burglary qualifies as an enhancement-qualifying offense under the enumerated-offense clause of the ACCA. *See Taylor v. United States*, 495 U.S. 575 (1990). In order to qualify, the state-law definition of burglary must meet *Taylor*'s generic definition of burglary: an "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599. Oklahoma's first-degree burglary statute mirrors this generic definition of burglary:

> Every person who breaks into and enters the dwelling house of another, in which there is at the time some human being, with intent to commit some crime therein, either:
>
> 1. By forcibly bursting or breaking the wall, or an outer door, window, or shutter of a window of such house or the lock or bolts of such door, or the fastening of such window or shutter; or
>
> 2. By breaking in any other manner, being armed with a dangerous weapon or being assisted or aided by one or more confederates then actually present; or

> 3. By unlocking an outer door by means of false keys or by picking the lock thereof, or by lifting a latch or opening a window, is guilty of burglary in the first degree.

Okla. Stat. tit. 21, § 1431.

Oklahoma's first-degree burglary statute satisfies *Taylor*'s generic definition of burglary: it prohibits the unlawful entry into a building with the intent to commit a crime. It thus qualifies as a violent felony under § 924(e)(2)(B)(ii). *Cf. United States v. Bennett*, 108 F.3d 1315, 1317 (10th Cir. 1997) (recognizing that first-degree burglary in Oklahoma would categorically be a crime of violence under the United States Sentencing Guidelines because it requires "that the burglary be of a dwelling"); *see also United States v. Maines*, 920 F.3d 1525, 1529 (10th Cir. 1990) (holding that similar Texas burglary statute is categorically a violent felony because it covers one "who with intent to commit a felony or theft, by breaking enters a house in the daytime"). And because these two convictions for first-degree burglary each qualify as violent felonies under the ACCA, they each justify enhancing Mr. Brunken's sentence under § 924(e)(1).

Further, there can be little question that Mr. Brunken's guilty pleas to separate counts of first-degree burglary constitute separate offenses under the ACCA. The ACCA requires that each felony be "committed on occasions different from one another" for it to constitute a separate offense. 18 U.S.C. § 924(e)(1). As the Presentence Investigation Report shows, Brunken's burglaries took place on November 13, 1993, and March 19,

5

1994. [Doc. 23, ¶¶ 34, 35]. The offenses are thus separate, and each qualifies as an enhancement-qualifying offense under the ACCA.[2]

This brings Mr. Brunken's number of enhancement-qualifying offenses to three: one for a serious drug offense (possession of marijuana with intent to distribute) and two for a violent felony (two convictions for first-degree burglary). He argues, however, that one of his convictions for first-degree burglary, along with his conviction for possession of marijuana with the intent to distribute, together constitute only a single offense under § 924(e)(1) because it took place on the same day.

That misconstrues Tenth Circuit precedent. In adhering to § 924(e)(1)'s mandate that each felony "be committed on occasions different from one another," the Tenth Circuit has noted that Congress "intended to reach multiple criminal episodes distinct in time." *United States v. Delossantos*, 680 F.3d 1217, 1219 (10th Cir. 2012). That is why "[c]riminal acts—even those that are similar and occur closely in time—may constitute separate, predicate offenses when the defendant could have chosen to stop his illegal conduct but continued nonetheless." *United States v. Cherry*, 641 F. Appx. 829, 832 (10th Cir.) (unpublished), *cert. denied*, 137 S. Ct. 89, 196 L. Ed. 2d 76 (2016). The law only asks "whether a defendant could have ended his criminal spree but chose instead to continue." *Id.* at 833.

---

[2] Examining the Presentence Investigation Report is proper when deciding whether two offenses are separate for ACCA-enhancment purposes. *See United States v. Delossantos*, 680 F.3d 1217, 1219 n.1 (10th Cir. 2012) (holding that the district court properly relied on the presentence investigation report to determine whether defendant's prior crimes were separate and distinct, in order to determine the number of predicate offenses supporting sentence under the ACCA).

True, Mr. Brunken committed both his crimes of possession of marijuana and his first incident of first-degree burglary on November 13, 1993. Yet that does not mean, as he contends, that the offenses occurred at the same time, in the same location, and involved the same conduct. As the PSR makes clear, Mr. Brunken possessed marijuana with the intent to distribute it at a time separate from when he committed the burglary. [Doc. 22, ¶ 34].[3] The underlying intent to commit a felony—as required by burglary—was not to distribute marijuana. Instead, Mr. Brunken burglarized a home with the intent to commit assault. [*Id.*] His possession of a controlled dangerous substance with intent to distribute and his burglary with intent to commit assault were thus "criminal episodes distinct in time." *Delossantos*, 680 F.3d at 1219. Mr. Brunken might have possessed marijuana with the intent to distribute and later burglarized a home. Or, vice versa, he could have burglarized a home and later possessed marijuana with the intent to distribute it. Either way, the ACCA views these as separate offenses because Mr. Brunken "could have ended his criminal spree but chose instead to continue." *Cherry*, 641 F. Appx. at 833.

---

[3] "[O]n or about November 13, 1993, the crime of Possession of a Controlled Dangerous Substance with Intent to Distribute was feloniously committed in Oklahoma County, Oklahoma, by the defendant who willfully [sic] and knowingly had within his possession a quantity of marijuana classified as a controlled dangerous substance in Schedule I of the Controlled Dangerous Substance Act of this state, with the intent to distribute it . . . [O]n the same date, the crime of Burglary in the First Degree was committed in Oklahoma County, Oklahoma, by the defendant and [co-defendant] who acting jointly, willfully [sic], and knowingly entered 5945 NW 60th, a dwelling house . . . by entering through the front door . . . with the intent to commit assault." Doc. 23, ¶ 34.

Mr. Brunken thus still "has three previous convictions . . . for a violent felony or a serious drug offense . . . committed on occasions different from one another." § 924(e)(1). His sentence is thus unaffected by *Johnson* and his petition for habeas relief is DENIED.

Further, the Court denies Mr. Brunken a Certificate of Appealability (COA) under Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts. Given (1) that convictions for first-degree burglary in Oklahoma qualify as violent felonies and (2) precedent outlining what constitutes a separate offense for ACCA-enhancement purposes, the Court denies Mr. Brunken's petition on the merits. When a habeas petition is denied on the merits, Petitioner is entitled to a COA only if he demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029 (2003). Because Mr. Brunken has not made this showing, he is not entitled to a COA. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22 if he wishes to appeal the Court's ruling on his motion.

In conclusion, Mr. Brunken's motion under 28 U.S.C. § 2255 is DENIED and DISMISSED WITH PREJUDICE because it lacks merit.

IT IS SO ORDERED this 10th day of April 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE